UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BENJAMIN HARRIS and MARTICILLA ROBERTS, individually on behalf of Plaintiffs, and all others similarly situated,<br><br>Plaintiffs,<br>-against-<br><br>SHOE SHOW, INC.,<br><br>Defendant. | Case No. |

## **COLLECTIVE ACTION COMPLAINT**

Plaintiffs Benjamin Harris and Marticilla Roberts ("Plaintiffs"), for Plaintiffs and for any other similarly situated employees who have joined or may join this action, by Plaintiffs' attorneys, Jean Sutton Martin and Shavitz Law Group, P.A., upon personal knowledge as to Plaintiffs and upon information and belief as to other matters, allege as follows:

## **INTRODUCTION**

1. Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of Plaintiffs and all other persons similarly situated who suffered damages, as a result of Defendant's violations of the FLSA.

2. As more fully described below, during the relevant time period, Defendant willfully violated the FLSA by failing to pay Defendant's non-exempt, hourly-paid, and overtime-eligible Store Managers who worked for Defendant in the United States, including Plaintiffs and all other similarly situated employees, for all of their overtime hours worked, based upon Defendant's unlawful policies and practices.

3. These Store Managers, including Plaintiffs, worked in retail stores for Defendant.

4. While Defendant required Store Managers to work overtime hours, they did not pay them for all overtime hours worked including but not limited to time spent working outside of Defendant's stores communicating with supervisors and co-workers about work matters.

5. Defendant does not have a timekeeping system for Store Managers to use while performing such work outside of stores like, for example, a telephone application for their cell phones or another method to clock in and out to account for work performed outside of the stores.

6. Accordingly, Defendant failed to record and compensate Plaintiffs and Store Managers for all of their overtime hours worked in willful violation of the FLSA.

## THE PARTIES

*Plaintiffs*

7. Plaintiff Benjamin Harris is an adult individual over the age of 18 and a citizen and resident of Minnesota.

8. Plaintiff Marticilla Roberts is an adult individual over the age of 18 and a citizen and resident of Georgia.

9. Plaintiff Harris worked for Defendant as a non-exempt, hourly-paid, and overtime-eligible Store Manager from approximately October 2023 to December 2023 at multiple of Defendant's stores in Minnesota.

10. Plaintiff Roberts worked for Defendant as a non-exempt, hourly-paid, and overtime-eligible Store Manager from approximately August 1, 2020 to September 1, 2023 at one of Defendant's stores in Hazlehurst, Georgia.

11. Plaintiffs typically worked 40 or more hours per week.

12. Plaintiffs were not paid for all time worked for Defendant's benefit including, but not limited to overtime hours worked. In a typical workweek, Plaintiffs worked about 2.5 hours outside of the store communicating with co-workers and supervisors about work matters. Defendant did not pay Plaintiffs for such time worked. Such unpaid time typically occurred during overtime hours resulting in unpaid overtime wages.

13. At all times relevant, Plaintiffs were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. Plaintiffs' written consent to join forms are being filed contemporaneously with this Complaint.

*Defendant*

15. Defendant Shoe Show, Inc. is a North Carolina corporation with its principal place of business in Concord, North Carolina.

16. Defendant operates approximately 1,100 retail stores throughout the United States, including in North Carolina.

17. At all times relevant, Defendant was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

19. Defendant has substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

20. Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation

directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201, *et. seq*.

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

24. At all times material to this Complaint, the Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

25. Defendant's annual gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

*The FLSA Collective*

26. The proposed FLSA Collective is defined as follows:

> Plaintiffs and all hourly-paid and overtime-eligible Store Managers, who worked over 40 hours in any workweek for Defendant in the United States of America on or after [3 years plus 209 days (tolling period) before day of filing complaint][1] to the date of judgment of this action and who have performed off-the-clock work during overtime hours.

---

[1] Prior to the filing of this lawsuit, the parties entered into a tolling agreement which tolled the claims of Plaintiffs and the proposed FLSA Collective members. That tolling agreement (which was in place from July 20, 2024 to February 14, 2025) is incorporated herein and extends the statute of limitations per its terms with tolling for Plaintiffs and the FLSA Collective members.

- 4 -

## FACTS COMMON TO ALL CLAIMS

### *Plaintiffs' Off-the-Clock Work and Defendant's Off-The-Clock Violations*

27. Plaintiffs and the FLSA Collective worked as hourly-paid and overtime-eligible Store Managers at Defendant's retail stores.

28. Throughout their employment, Store Managers who are members of the proposed FLSA Collective performed work for Defendant's which was done off-the-clock without compensation which denied them compensation and overtime compensation.

29. While outside of the Defendant's stores, Plaintiffs and similarly situated employees (including the FLSA Collective) performed work off-the-clock communicating with co-workers and supervisors via telephone calls and text messages and/or chats about work-related matters including, but not limited to scheduling, staffing, operations, products, and customers.

30. In weeks in which Plaintiffs worked more than 40 hours per week (which can be determined, in part, based upon Defendant's timekeeping records and schedules which show some of the time Plaintiffs worked in Defendant's stores), Plaintiffs estimate that Plaintiffs worked about 2.5 unpaid overtime hours per workweek.

31. Defendant willfully required that Plaintiffs and similarly situated employees (who are members of the FLSA Collective) work off-the-clock to control labor costs and expenses, and for Defendant's own convenience. Defendant does not maintain a timekeeping system and does not track time worked by Plaintiffs and the FLSA Collective outside of the store. This common practice and failure to capture and record all time worked by Plaintiffs and the FLSA Collective is part of Defendant's *de facto* policy/practice to limit labor expenses and boost corporate profits.

32. Defendant did/does not provide a method by which Plaintiffs and the FLSA Collective could/can record and be paid for time suffered/permitted/required to be worked outside of the stores.

33. Defendant is aware, and knew or should have known, that Plaintiffs and the FLSA Collective worked unpaid time outside of the stores. Plaintiffs and the FLSA Collective members' supervisors (Defendant's agents including the District Managers and others) communicate with Plaintiffs and the FLSA Collective members when they are outside of Defendant's stores and while they are off-the-clock and not being paid.

34. Defendant is aware (or should have been aware) that Plaintiffs and the FLSA Collective worked off-the-clock overtime hours.

35. Defendant also did not inquire into whether Plaintiffs and the FLSA Collective worked unpaid time, despite having actual or constructive knowledge that Plaintiffs and the FLSA Collective worked while not on the clock outside of the Defendant's stores. Defendant failed to ensure and failed to make an adequate inquiry into whether Plaintiffs and the FLSA Collective were being paid for all time worked, notwithstanding the fact that the Store Managers' supervisors and other high-ranking employees who are agents of Defendant communicated with Plaintiffs and the FLSA Collective while they were outside of the stores and/or not on the clock being paid.

36. Pursuant to Defendant's common policies and procedures and failure to maintain a timekeeping system to track work performed outside of the store, Defendant failed to record all of the hours worked by Plaintiffs and the other similarly situated Store Managers, thereby resulting in the failure to pay overtime wages in violation of the FLSA.

- 6 -

Case 3:25-cv-00398-MOC-SCR    Document 1    Filed 06/11/25    Page 6 of 12

37. Defendant failed and continues to fail to pay Plaintiffs and the other similarly situated Store Managers (including the FLSA Collective) all of their compensation and overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiffs and the FLSA Collective to work off-the-clock hours, during which they performed their Store Managers' duties.

38. Defendant maintains time records for their hourly Store Managers throughout the United States. However, those time records fail to accurately reflect all of the hours worked by Plaintiffs and the FLSA Collective, based upon Defendant's common policies and procedures for requiring Plaintiffs and the FLSA Collective to work off-the-clock and not crediting all time worked.

39. Defendant also failed to maintain a timekeeping system to track time worked outside of their stores despite Plaintiffs and the FLSA Collective regularly working outside of the stores.

40. Defendant suffered and permitted Plaintiffs and the FLSA Collective to work while off-the-clock but did not pay them for these unrecorded hours in willful violation of the FLSA.

41. Defendant knew or should have known that Plaintiffs and the FLSA Collective worked unpaid time because Defendant's managers and agents witnessed and permitted unpaid time worked by Plaintiffs and the FLSA Collective.

42. Defendant failed to keep accurate records of hours worked by Plaintiffs and members of the FLSA Collective.

43. Defendant's failure to pay Plaintiffs and the FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of Defendant's operations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of Plaintiffs and the FLSA Collective.

45. Defendant assigned and/or has been aware that Plaintiffs and the FLSA Collective perform or performed work during overtime hours off-the-clock.

46. As part of Defendant's regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.

47. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek;

    b. willfully limiting the amount of labor money available to stores to increase corporate profits while requiring Plaintiffs and the members of the FLSA Collective to perform duties and keep stores operating while off-the-clock; and

    c. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for Defendant.

48. Defendant is aware or should have been aware that federal law requires it to pay Plaintiffs and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

49. Plaintiffs and the FLSA Collective all perform or performed the similar duties of Store Managers at Defendant's retail stores throughout the country.

50. Plaintiffs and the FLSA Collective all were compensated on an hourly basis.

51. Plaintiffs and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

52. Despite knowing that Plaintiffs and the FLSA Collective performed and continue to perform work for Defendant's benefit while off-the-clock and without being paid, Defendant failed to inquire and failed to investigate whether Plaintiffs and the FLSA Collective were paid for all time worked.

53. Defendant also failed to maintain a timekeeping system (i.e., a telephone application or other timekeeping system) that Plaintiffs and the FLSA Collective could use to record all time worked outside of Defendant's stores.

54. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

55. Plaintiffs incorporate by reference all preceding allegations.

56. Plaintiffs bring these FLSA claims for unpaid overtime wages throughout Plaintiffs' employment at Defendant's stores within the United States.

57. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint. *See supra*.

58. Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* of the FLSA apply to Defendant.

61. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all times relevant, Plaintiffs and the FLSA Collective are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63. Defendant has failed to pay Plaintiffs and the FLSA Collective all of the overtime wages to which they were entitled under the FLSA.

64. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

65. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

67. Defendant did not act in good faith and did not have reasonable grounds for believing that its actions did not violate the FLSA.

68. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated

persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. A declaration declaring that Defendant's practices violate the FLSA;

F. Attorneys' fees and costs of the action; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: June 11, 2025.

*s/ Jean S. Martin*
Jean S. Martin
North Carolina No.: 25703
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, Suite 700
Tampa, FL 33601
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Email: jeanmartin@forthepeople.com

Andrew Frisch*
**MORGAN AND MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
(954) 318-0268

afrisch@forthepeople.com

Gregg I. Shavitz*
Marilyn Linares*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Train, Suite 200
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com
mlinares@shavitzlaw.com

Michael Palitz*
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, New York 10022
(800) 616-4000
mpalitz@shavitzlaw.com

*Attorneys for Plaintiffs and the proposed FLSA Collective*

*to apply for admission *pro hac vice*