IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BENJAMIN HARRIS and MARTICILLA ROBERTS, individually on behalf of Plaintiffs, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOE SHOW, INC.,<br><br>Defendant. | Case No. 3:25-cv-00398-MOC-SCR<br><br>ANSWER TO COLLECTIVE ACTION COMPLAINT |

Defendant Shoe Show, Inc. ("Defendant") by and through its attorneys Littler Mendelson, P.C., as and for its Answer to the Complaint of Benjamin Harris ("Harris") and Marticilla Roberts ("Roberts") (collectively, "Plaintiffs"), dated June 11, 2025 (the "Complaint"), responds as follows:

## AS TO "INTRODUCTION"

1. Paragraph 1 of the Complaint merely purports to recite the nature of the claims that Plaintiffs advance against Defendant, and moreover constitutes legal assertions or conclusions of legal claims to which no response is required. Defendant leaves Plaintiffs to their proofs. To the extent Paragraph 1 requires a response, Defendant denies any wrongdoing and avers that Plaintiffs' Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA").

2. Paragraph 2 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 2 requires a response, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint, except admits Plaintiffs Harris and Roberts worked as Store Managers for Defendant.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 6 requires a response, Defendant denies the allegations in Paragraph 6 of the Complaint.

## AS TO "THE PARTIES"

*Plaintiffs*

7. Defendant admits that Plaintiff Harris is an adult over the age of 18. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Harris' citizenship and residency in Minnesota.

8. Defendant admits that Plaintiff Roberts is an adult over the age of 18. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Roberts' citizenship and residency in Georgia.

9. Defendant admits the allegations in Paragraph 9 of the Complaint, except that the term "multiple" is vague and therefore, lacks knowledge or information sufficient to form a belief as to the "multiple of Defendant's stores in Minnesota" to which Plaintiffs refer and therefore, denies the same.

10. Defendant admits that Plaintiff Roberts was employed as a non-exempt, hourly-paid store manager at Defendant's Hazelhurst, Georgia store. Defendant denies all remaining allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 13 requires a response, Defendant admits that

- 2 -
Case 3:25-cv-00398-MOC-SCR    Document 10    Filed 07/07/25    Page 2 of 19

Plaintiffs were its employees. Further, the term "[a]t all times relevant" is vague and therefore, Defendant denies all remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiffs' written consent to join forms were filed with the Court. Further, Defendant reserves the right to challenge the veracity of these "consent forms" and to challenge the effect, if any, of these "consent forms" and explicitly denies that this action is suitable for collective action certification.

### *Defendant*

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant denies Paragraph 16 of the Complaint except admits that it operates retail stores throughout the United States.

17. Paragraph 17 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 17 requires a response, Defendant states that the term "[a]t all times relevant" is vague and therefore, Defendant denies all remaining allegations in Paragraph 17 on that basis.

18. Paragraph 18 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 18 requires a response, Defendant admits that it employed Plaintiffs, but denies this matter is appropriate for collective action certification; denies that Plaintiffs represent similar interests of former and current employees or that such former or current employees are "similarly situated" and thus appropriate for collective action certification; and denies any remaining allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 19 requires a response, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees. Defendant also denies any remaining allegations in Paragraph 20 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

21. Paragraph 21 of the Complaint is merely a statement of jurisdiction to which no response is required. To the extent Paragraph 21 requires a response, Defendant leaves Plaintiffs to their proofs.

22. Paragraph 22 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 22 requires a response, Defendant leaves Plaintiffs to their proofs.

23. Paragraph 23 of the Complaint is merely a statement of venue to which no response is required. To the extent Paragraph 23 requires a response, Defendant leaves Plaintiffs to their proofs.

24. Paragraph 24 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 24 requires a response, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 25 requires a response, Defendant denies the allegations in Paragraph 25 of the Complaint, except to admit Defendant's annual gross receipts for the time period alleged in this Paragraph exceeded $500,000.

*The FLSA Collective*

26. Paragraph 26 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 26 requires a response, Defendant denies this matter is appropriate for collective action certification; denies that Plaintiffs represent similar

interests of former and current employees. With respect to footnote 1 to Paragraph 26, Defendant admits that it entered into a tolling agreement with Plaintiffs. That tolling agreement is a written document, the terms of which speak for themselves and are the best evidence of the agreement's meaning and effect. Defendant denies any remaining allegations in Paragraph 26 of the Complaint, including footnote 1 to Paragraph 26.

## AS TO "FACTS COMMON TO ALL CLAIMS"

*Plaintiffs' Off-the-Clock Work and Defendant's Off-The-Clock Violations*

27. Defendant admits that it employed Plaintiffs as hourly-paid store managers, but denies this matter is appropriate for collective action certification; denies that Plaintiffs represent similar interests of former and current employees; and denies any remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant admits that it maintains time records for its hourly Store Managers in the United States but denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 40 requires a response, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

44. Paragraph 44 of the Complaint merely purports to cite the nature of the claims Plaintiffs advance against Defendant, and moreover constitutes legal assertions and conclusions. To the extent Paragraph 44 requires a response, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 and sub paragraphs (a) through (c) of the Complaint are merely statements of legal conclusions to which no responses are required. To the extent Paragraph 47 and sub paragraphs (a) through (c) requires responses, Defendant denies the allegations asserted therein.

48. Paragraph 48 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 48 requires a response, Defendant avers that it acted in good faith compliance with its obligations under the FLSA.

49. Defendant denies Paragraph 49 of the Complaint except admits that it employed Plaintiffs as store managers. Further, Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees.

50. Defendant denies Paragraph 50 of the Complaint except admits that Plaintiffs were compensated on an hourly basis. Further, Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees.

51. Paragraph 51 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 51 requires a response, Defendant denies the allegations in Paragraph 51 of the Complaint. Further, Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

**AS TO "FIRST CAUSE OF ACTION"**
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

55. Defendant realleges and incorporates its responses to all previous allegations contained in the Complaint.

56. Paragraph 56 of the Complaint merely purports to cite the nature of the claims Plaintiffs advance against Defendant, and moreover constitutes legal assertions and conclusions. To the extent Paragraph 56 requires a response, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Second Amended Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 57 requires a response, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant admits that Plaintiffs' written consent to join forms were filed with the Court. Defendant denies all remaining allegations in Paragraph 58 of the Complaint. Further,

Defendant reserves the right to challenge the veracity of these "consent forms" and to challenge the effect, if any, of these "consent forms" and explicitly denies that this action is suitable for collective action certification.

59. Paragraph 59 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 59 requires a response, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 60 requires a response, Defendant avers that it acted in good faith compliance with its obligations under the FLSA.

61. Paragraph 61 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 61 requires a response, Defendant admits it is an employer engaged in commerce within the meaning of the FLSA but denies that this matter is appropriate for collective action certification.

62. Paragraph 62 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 62 requires a response, Defendant states that the term "[a]t all times relevant" is vague and therefore, Defendant denies all remaining allegations in Paragraph 62 on that basis, and further denies that this matter is appropriate for collective action certification.

63. Paragraph 63 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 63 requires a response, Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 64 requires a response, Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 65 requires a response, Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 66 requires a response, Defendant denies the allegations in Paragraph 66 of the Complaint. Further, Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees.

67. Paragraph 67 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 67 requires a response, Defendant denies the allegations in Paragraph 67 of the Complaint and avers that it acted in good faith compliance with its obligations under the FLSA.

68. Paragraph 68 of the Complaint is merely a statement of legal conclusion to which no response is required. To the extent Paragraph 68 requires a response, Defendant denies the allegations in Paragraph 68 of the Complaint. Further, Defendant denies this matter is appropriate for collective action certification and that Plaintiffs represent similar interests of former and current employees.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to judgment against it and further denies that Plaintiffs are entitled to any of the relief set forth in the 'PRAYER FOR RELIEF' clauses A – G of the Complaint or any other relief.

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or distinct defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and distinct defense, Defendant asserts that the Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Further Obligations to Plaintiff)

2. As a separate and distinct defense, Defendant alleges that it fulfilled any and all obligations it may have had to Plaintiffs and owes no further obligations to Plaintiffs. Therefore, Plaintiffs are barred from maintaining this action against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Release, Estoppel, Unclean Hands, Avoidable Consequences and Laches)

3. As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Not Entitled to Overtime)

4. As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred to the extent that they did not work more than forty (40) hours in any given workweek and, therefore, are not entitled to overtime under the FLSA.

## FIFTH AFFIRMATIVE DEFENSE
### (Not Entitled to Liquidated Damages)

5. As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et. seq*., because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. § 260.

## SIXTH AFFIRMATIVE DEFENSE
### (Paid For All Hours Worked)

6. As a separate and distinct defense, Defendant alleges that Plaintiffs and the individuals they seek to represent were paid for all hours they reported working.

## SEVENTH AFFIRMATIVE DEFENSE
### (De Minimis)

7. As a separate and distinct defense, Defendant alleges that Plaintiffs and/or the individuals they seek to represent are barred from recovering under the "de minimis" doctrine.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Knowledge of Work)

8. As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that Defendant did not suffer or permit Plaintiffs to work, of which Defendant lacked actual or constructive knowledge, or which Plaintiffs deliberately misreported hours by failing to report all hours worked.

## NINTH AFFIRMATIVE DEFENSE
### (Hours Worked)

9. As a separate and distinct defense, Defendant alleges that the Complaint fails, in whole or in part, because the time spent as alleged by Plaintiffs and the individuals they seek to represent do not constitute compensable "hours worked" under the FLSA.

## TENTH AFFIRMATIVE DEFENSE
### (Fully Compensated)

10. As a separate and distinct defense, Defendant alleges that Plaintiffs and the individuals they seek to represent were compensated at all times in compliance with applicable FLSA requirements.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Individual Issues Predominate)

11. As a separate and distinct defense, Defendant alleges that collective relief is inappropriate because individual issues predominate over questions common to the proposed collective. The facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and members of the proposed collective.

## TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiffs Lack Standing)

12. As a separate and distinct defense, Defendant alleges that the Complaint cannot proceed as a collective action to the extent Plaintiffs lack standing to represent the alleged similarly situated individuals.

## THIERTEENTH AFFIRMATIVE DEFENSE
### (Offset)

13. As a separate and distinct defense, Defendant alleges that in the event any sum may be found due and owing to Plaintiffs or the individuals they seek to represent, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released,

- 12 -
Case 3:25-cv-00398-MOC-SCR    Document 10    Filed 07/07/25    Page 12 of 19

including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiffs' employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Principal Activities of Employment)**

14. As a separate and distinct defense, Defendant alleges that some or all of the activities for which Plaintiffs seek overtime compensation under the FLSA were not an integral and indispensable part of the principal activities of their employment and therefore were not compensable.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Complete and Timely Payments Made)**

15. As a separate and distinct defense, Defendant alleges that at all times, Defendant made complete and timely payments of all wages due to Plaintiffs and/or proposed collective under the FLSA.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Injury Resulted from Act or Omission of Plaintiffs and/or Proposed Collective)**

16. As a separate and distinct defense, Defendant alleges that each purported claim contained in the Complaint, or some of them, are barred because the alleged losses or harms sustained by Plaintiffs and/or the proposed collective, if any, resulted from the acts or omissions of Plaintiffs and/or the proposed collective, and/or were proximately caused by the actions or inactions of Plaintiffs and/or the proposed collective.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Failure To Mitigate)**

17. As a separate and distinct defense, Defendant alleges that Plaintiffs and the alleged similarly situated individuals they seek to represent failed to exercise reasonable care to mitigate

damages, if any, and their right to recover against Defendant should be reduced and/or eliminated due to such failure.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

18. As a separate and distinct defense, the claims of the named Plaintiffs and some or all allegedly similarly situated persons are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose, including, but not limited to 29 U.S.C. §255.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Remedies)

19. As a separate and distinct defense, the claims of the named Plaintiffs and some or all of the allegedly similarly situated persons are barred, in whole or in part, because Plaintiffs and/or some or all of the proposed collective members failed to exhaust any applicable statutory, administrative, arbitral, and/or contractual procedures and/or remedies, or otherwise properly perfect a right of action against Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Collective Action Requirements)

20. As a separate and distinct defense, Defendant alleges that Plaintiffs have failed to and cannot satisfy the requirements for the maintenance of a collective action pursuant to 29 U.S.C. § 216(b), including that Plaintiffs and the collective of allegedly similarly situated persons she seeks to represent are not similarly situated.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Bona Fide Dispute)

21. As a separate and distinct defense, the claims of Plaintiffs and the individuals they seek to represent fail in whole or part because any failure to pay wages was the result of a bona fide dispute between an employer and its employee.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Conflicting Interests)**

22. As a separate and distinct defense, certain of the interests of the alleged proposed collective that Plaintiffs seek to represent are in conflict with the interests of Plaintiffs and/or certain sub-groups of the members of those alleged proposed collectives.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Pre-judgment Interest)**

23. As a separate and distinct defense, Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of their stated claims. This defense may also apply to the claims of some or all of the group of allegedly similarly situated persons.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Failure to Follow Established Reporting Mechanisms)**

24. As a separate and distinct defense, Plaintiffs' claims and those of the proposed collective are barred, in whole or in part, by the doctrine of avoidable consequences, to the extent they could have corrected errors in compensation or wage payments by following established procedures and reporting them so they could be promptly corrected.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Judicial Estoppel)**

25. As a separate and distinct defense, Plaintiffs' claims and those of the proposed collective members are barred, in whole or in part, by the doctrine of judicial estoppel, to the extent they filed for bankruptcy and failed to disclose the claims asserted in the Collective Action Complaint as assets of the bankruptcy estate.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Violation of Constitutional Rights)**

26. Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to

substantive and procedural due process in violation of the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Portal-to-Portal Act)**

27. As a separate and distinct defense, the claims of Plaintiffs and the proposed collective are barred, in whole or in part, under the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Inability to Present a Viable Trial Plan)**

28. As a separate and distinct defense, Plaintiffs cannot and will not be able to present a viable trial plan permitting a case of this scope, involving different locations of Defendant's stores throughout the United States, supervisors, job positions and duties, and theories of recovery, to be tried on a collective action basis.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
**(Good Faith – 29 U.S.C. § 260)**

29. As a separate and distinct defense, Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs and the proposed collective members were done in good faith, in accordance with 29 U.S.C. § 260, because Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable laws.

### THIRTIETH AFFIRMATIVE DEFENSE
**(Good Faith – 29 U.S.C. § 259)**

30. As a separate and distinct defense, Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs and the proposed collective members were done in good faith, in accordance with 29 U.S.C. § 259, because they were done in reasonable reliance on a

- 16 -

Case 3:25-cv-00398-MOC-SCR     Document 10     Filed 07/07/25     Page 16 of 19

regulation, order, ruling, approval, and interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to seek leave of court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays that:

1. No collective be certified, and that Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. Plaintiffs and/or collective members take nothing by this action;

3. Defendant be awarded its costs and attorneys' fees incurred herein; and,

4. Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: July 7, 2025

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005
sdellinger@littler.com

Paul R. Piccigallo, *Admitted Pro Hac Vice*
Jennifer S. Kim, *Admitted Pro Hac Vice*
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600
ppiccigallo@littler.com
jeskim@littler.com

*Attorneys for Defendant Shoe Show, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on July 7, 2025, the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants in this case.

Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Ste 4th FL
Plantation, FL 33324
afrisch@forthepeople.com
Jean S. Martin
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
jeanmartin@forthepeople.com

*Attorneys for Plaintiffs and the proposed FLSA Collective*

*/s/ Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005
sdellinger@littler.com

Paul R. Piccigallo, *Admitted Pro Hac Vice*
Jennifer S. Kim, *Admitted Pro Hac Vice*
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
212.583.9600
ppiccigallo@littler.com
jeskim@littler.com

*Attorneys for Defendant Shoe Show, Inc.*